Anthony O. Egbase, (SBN 181721)
**LAW OFFICES OF ANTHONY O. EGBASE & ASSOCIATES**
The Wold Trade Center
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Tel.(213)620-7070; Fax. (213)-620-1200

Attorney For Debtor,

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Re: | ) Case No.: 2 10-bk-16562-ER |
| | ) |
| | ) Chapter 11 |
| K G DEVELOPMENT, LLC, a California Limited Liability Company. | ) **EMERGENCY MOTION TO RECONSIDER ORDER IMPOSING 180 DAY BAR AGAINST DEBTOR'S REFILING OF CHAPTER 11 CASE; DECLARATIONS OF:** |
| Debtor | ) JUNG HEE KIM |
| | ) ANTHONY O. EGBASE |
| | ) IN SUPPORT THEREOF (11 U.S.C. Secs. 350, 105, 109(g) |

Pursuant to Local Rule 9075-1(a), debtor K.B. DEVELOPMENT, LLC ("Debtor") respectfully requests consideration, on an emergency basis, of this Emergency Motion to Reconsider Order Imposing 180-Day Bar against Debtor's Re-filing of a Chapter 11 Bankruptcy Case (the "Motion").

---

EMERGENCY MOTION TO VACATE SECTION 109(G) 180-DAY BAR          1

A voluntary petition under Chapter 11 was filed by Debtor on February 23, 2010. Debtor President and CEO Jung Hee Kim, filed his Chapter 11 case on behalf of company in order to reorganize and restructure the company's debts and liabilities.

The principal asset is a 6000 square foot commercial building on a 17,000 square foot lot, addressed as 2650 W. Temple Street, Los Angeles, CA 90026 ("Property"). The building is partitioned into four (4) suites and it's now fully rented to three (3) businesses ("Clinics"). Zion Bank is the secured lender on this property and possess a secured lien by virtue of the SBA Loan. Debtor became delinquent on it mortgage payments due of cash flow issues that when a unit in the building was vacant. Despite securing a paying tenant that has alleviated the cash flow situation, the lender has refused to negotiate the payment of the arrearages with the debtor. The lender commenced a foreclosure proceeding and scheduled a sale of the property for February 23, 2010.

Debtor retained Eric Bensamochan of the Law Offices of Bensamochan and Poghosyan as Attorneys to represent the Debtor in the Chapter 11 bankruptcy proceeding. The Debtor followed all the instructions and advise of its counsel and timely provided all the documents requested by its counsel in order to comply with the court procedures and filing requirements. (Kim's Decl.Para.6 & 8). Unbeknown to Debtor the previous counsel lacked the diligence and knowledge required to comply with rules and requirements of a chapter 11 bankruptcy case.

Recently on May 13, 2010, the court entered an order dismissing the debtors case with a restriction prohibiting against refiling, the order is based on the trustee's motion to dismiss due to the debtor's failure to timely submit the Disclosure statement, Financial statements and the addendum documents to the "7-Day Package.

EMERGENCY MOTION TO VACATE SECTION 109(G) 180-DAY BAR    2

1  Since the Debtor's provided all these documents to its prior counsel, Debtor believes that
2  the failure of the prior counsel to comply with the filing requirements resulted from lack of
3  diligence and lack of knowledge of handling a Chapter 11, bankruptcy case. The Debtor had no
4
5  knowledge of these apses when she hired the previous counsel to represent the company.

6  The Debtor has promptly retrieved the case file from the previous counsel and have
7  proceeded to hire the Law Office of Anthony Egbase to rectify all the deficiencies that caused the
8
9  trustee to request for a dismissal of the debtor's case. The debtor has conferred with the new
10  counsel and have prepared all the documents that were previously not filed and have tendered the
11  required documents including a completed 7-day package required to satisfy the filing
12  requirements. (Kim's Decl.Para.11)
13
14  Jung Hee Kim, is the sole shareholder of the Debtor's Company and personally guaranteed
15  the loan securing the company's principal asset that is currently under the treat of foreclosure by
16  the lender. Jung Hee Kim recently realized the necessity to file a Chapter 11 bankruptcy case to
17  structure and reorganize her personal assets and liabilities, and to redress the arrearages on the
18  mortgage on her private home. The current order prohibiting the debtor against refilling (180-Day
19
20  Bar) is also creating as substantial prejudice to Jung Hee Kim ability to commence her personal
21  Chapter 11 bankruptcy. Hence, she is now faced with a jeopardy of loosing her personal home and
22  the valuable and hard earned asset of the company.

23  Ms. Kim the only shareholder and principle of Debtor has also defaulted in her residential
24  mortgage obligation and as the only personal guarantor of the loans to the debtor, she wishes to
25
26  petition for relief by filing Chapter 11 bankruptcy petition.
27
28

EMERGENCY MOTION TO VACATE SECTION 109(G) 180-DAY BAR    3

The situation is an emergency now because that the debtor has been denied its chance to reorganize and kicked out of Chapter 11, lender Zion bank whom had earlier scheduled an auction sale date for February 23, 2010, would proceeded to auction the building

## II. RELIEF SOUGHT AND CONCLUSION

As detailed in the memorandum of points and authorities, there is ample reason to vacate this onerous condition of dismissal issued in debtor case. There is no willfulness whatsoever demonstrated by debtor action when all the facts and circumstances, compounding each other, are taken into consideration.

Accordingly, Debtor respectfully requests that the Court enter an Order, on an emergency basis, reconsider the order imposing a 180-Day Bar Against Debtor's Refiling of Chapter 11 Case, and for such further and other relief as the Court may deem just and proper.

Dated May 18, 2010              Respectfully Submitted,

                                Law Offices of Anthony O. Egbase & Associates


                                _____
                                Anthony O. Egbase, Esq.
                                Attorney For Debtor, K.G. Development, LLC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 9075-1(a), Debtor K.G. Development respectfully requests consideration, on an emergency basis, of this Emergency Motion to Reconsider Order Imposing a 180-Day Bar Against Debtor's Refiling of a Chapter 11 Case.

The facts and circumstances set forth in Debtor's accompanying declarations strongly demonstrate that the 180-Day Bar Against Debtor's Refiling of the Chapter 11 Case should be reconsidered, and the court has the power to recosnider its entry pursuant to 11 U.S.C. Section 105, which states, in pertinent part, that

"The court may issue any order, process, or judgment that is necessary or appropriate to...prevent an abuse of process."

The court is further empowered to set aside this unjust result of circumstance under the provisions of 11 U.S.C. Section 350, which, states in pertinent part:

"...)(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." (emph. added).

We contend that in light of all the facts and circumstances combining to unintentionally deprive Debtor of its "day in court," allowing this case to be dismissed with the bar would constitute an undue hardship and potentially an abuse of process. Surely the evidence set forth in the attached declarations constitutes ample cause for relief from the harsh consequences of the existing order.

Moreover, the harsh consequences of an imposition of a180-day bar should not apply here, because, as they provide in pertinent part:

"...no individual.....may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –

(1) the case was dismissed by the court for <u>willful failure of the debtor</u> to abide by orders of the court, or to appear before the court in proper prosecution of the case..." (emph. added).

Clearly, the terms of this provision are manifestly inapplicable to the debtor herein, the Debtors prejudice was caused by inefficiency of an Attorney that lacked the competence and diligence of handling a Chapter 11 bankruptcy case. Debtor had no knowledge of these facts until she received the notice of dismissal from the court.

There is not one shred of evidence of the debtors intentional or willful failure to comply with the court requirements or to abide by orders of the court, or in any other way exhibit noncompliance in his case, therefore, Section 109(g) has categorically no application to the dismissal order herein. Based upon all of the foregoing, as well as all attached documentary, evidentiary and oral testimony that may be offered at hearing, Debtor respectfully prays that this Emergency Motion be granted and that this Court reconsider the order imposing a 180-Day Bar Against Debtor's Refiling of Chapter 11 Case contained in the Order of Dismissal issued on May 13, 2010.

Dated: May 19, 2010                                    Law Offices of Anthony O. Egbase & Associates

_____
Anthony O. Egbase, Esq
Attorney For Debtor, K. G. Development LLC

---

**EMERGENCY MOTION TO VACATE SECTION 109(G) 180-DAY BAR**                          6

Anthony O. Egbase, (SBN 181721)
**LAW OFFICES OF ANTHONY O. EGBASE**
The World Trade Center
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Tel.(213)620-7070; Fax. (213)-620-1200

Attorney For Debtor,

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Re: | Case No.: 2 10-bk-16562-ER |
| | Chapter 11 |
| **K G DEVELOPMENT, LLC,** a California Limited Liability Company. | **Declaration of Jung Hee Kim In Support of Debtor's Motion to Reconsider Order Of Dismissal and Or Vacate Special Restriction Against Re-Filing.** |
| Debtor | |

I Jung Hee Kim declares as follows:

1. I am the President and CEO of K.G. Development, LLC, the Debtor in the instant proceeding. I make this declaration based on my personal knowledge of the facts stated herein and if called to testify, I will competently testify to the following.

2. This declaration is made in support of Debtors Emergency Motion to Reconsider and or Vacate Section (109(g) 180-Day Bar against Debtors Re-filing of a Chapter 11 Case.

3.  I am the sole share holder and the sole manager of K.G. Development, LLC, and I filed a voluntary petition under Chapter 11 Bankruptcy proceeding on February 23, 2010, in order to reorganize and restructure the company's debt and liabilities.

4.  The principal asset of the company is a 6000 square foot commercial building on a 17,000 square foot lot, addressed as 2650 W. Temple Street, Los Angeles, CA 90026 ("Property"). The building is partitioned into four (4) suites and it's now fully rented to three (3) businesses ("Clinics"). Zion Bank is the secured lender on this property and possess a secured lien by virtue of the SBA Loan.

5.  I personally guaranteed the major liability being the SBA loan securing the sole asset of the company.

6.  I previously retained the law offices of Bensamochan and Poghosyan to represent the company in the Chapter 11, bankruptcy proceeding. I thought all the procedures were duly followed by my previous counsel and was surprised to receive trustee's motion to dismiss my Chapter 11 petition.

7.  I have been informed that the trustee's Motion To Dismiss the Chapter 11, petition was based on failure to timely submit the Disclosure statement, financial statements and the addendum documents to the "7-Day Package"

8.  I complied with all the instruction and requirement given to me by my previous Attorney. I timely provided all the documents that the previous Attorney requested me to provide, and I also closed the company's account and opened a Debtor in Possession (DIP) account as he advised me to.

9. Since I promptly provided all these documents to my previous counsel, the failure to file and or submit the required documents to the court or trustee is as a result of the dilatory conduct of my previous counsel.

10. Upon releasing my previous counsels' lack of diligent attention to the this bankruptcy proceeding, I decided to hire another counsel, I have retained the present counsel Anthony Egbase to rectify all the deficiencies in my petition and to submit all the outstanding documents.

11. I have reviewed the requested documents with Mr. Egbase and provided all the documents responsive to the deficiencies that caused the trustee to file the motion to dismiss the company's Chapter 11 petition. Attached as Exhibit A, is a true copy of the 7-Day Package Cover Sheet detailing the list of documents that have been submitted to the trustee.

12. I want to file a Chapter 11, proceeding to reorganized and restructure my personal debts and liabilities towards a means to redress the arrearages on my personal residential home. The current special restriction against re-filling a bankruptcy case (180-day bar) restricts my ability to file the bankruptcy petition to organize and restructure my personal debts and liberties and therein put me in jeopardy.

13. Setting aside the dismissal or vacating the special restriction will assist the company to proceed with the reorganization and restructure of the company's debts and liabilities. Otherwise, the lender will proceed to foreclose on the commercial building (the primary assets of the company).

1. The lender has refused previous appeal from the company to negotiate the payment of the arrearages that resulted when the company had shortage of tenants in the building. The company is now fully occupied.

14. I personally guaranteed the major liability being the SBA loan securing the sole assets of the company and I intend to personally commence a bankruptcy proceeding in order to sufficiently restructure the liabilities.

15. I pray the court to reconsider and dismissal of the Chapter 11 petition or set aside the special restriction-period against refilling a new bankruptcy case in order to avoid the undue prejudice that could result to the company and me.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct and that this declaration is executed on May 17, 2010, in Los Angeles. California

Declarant.
Jung Hee Kim,
President/CEO- K.G. Development, LLC (Debtor)

### DECLARATION OF ANTHONY O. EGBASE

I, Anthony O. Egbase, declare as follows:

1.      I am an attorney at law, qualified to practice in all courts of the State of California and before the United States District Court for the Central District of California.

2.      I have personal knowledge of the matters set forth in this declaration, except where stated upon information and belief, and as to such statements, I believe them to be true. This Declaration is made in support of Debtor's Emergency Motion to Reconsider Order Imposing 180-Day Bar Against Debtor's Refiling of a Chapter 11 Case.

3.      Debtor through its sole official and share holder Jung Hee Kim has conditionally retained me file a new Chapter 11 Case because, according to her declaration attached, her prior counsel, Mr. Eric Besamochan lacked the competence and diligence required to handle Chapter 11 bankruptcy case and his inefficiencies resulted in Debtor's Chapter 11 case being dismissed.

5.      Debtor informed me that she timely provided all the required documents that she was to produce in order to comply with the filing requirements OUST, but the prior counsel failed to comply with the Chapter 11 case procedures and did not submit the 7-Day Package to the Trustee.

6.      I have reviewed the file provided by the Debtor and obtained all the necessary documents required to comply with the deficiencies that caused the U.S. Trustee to request for a dismissal of Debtors case. As of the time of filing this motion a true and correct copy of the 7-Day package and addendum documents have been submitted to the U.S. Trustee office. A true and correct copy of the 7-Day package cover sheet detailing the documents submitted to the U.S trustee is attached herein as Exhibit A.

---

EMERGENCY MOTION TO VACATE SECTION 109(G) 180-DAY BAR    7

7.          Also attached is a true and correct copy of a check in the amount of $325 representing debtor's quarterly payment to the O.U.S.T. See Attached Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on May 18, 2010, at Los Angeles, California

Anthony O. Egbase                                                    _[signature]_

Name of Declarant                                                   Signature of Declarant.