PETER C. ANDERSON
UNITED STATES TRUSTEE
Dare Law, SBN 155714
Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
725 South Figueroa Street, 26th Floor
Los Angeles, California 90017
Telephone No. (213) 894-4925
Facsimile No. (213) 894-2603
e-mail: dare.law@usdoj.gov

## UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In Re<br><br>KG DEVELOPMENT, LLC<br><br><br>Debtor | Case Number 2:10-bk-16562 ER<br><br>Chapter 11<br><br>OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER ORDER IMPOSING THE ONE HUNDRED AND EIGHTY DAY PROHIBITION AGAINST REFILING<br><br>DATE: [NO HEARING SET]<br>TIME:<br>CTRM: 1568<br>255 E. Temple Street<br>Los Angeles, CA 90017 |

The United States Trustee ("UST") hereby submits his opposition to Debtor's Motion For Reconsideration of Order Entered May 13, 2010 Dismissing Case with 180 Day Prohibition or in the Alternative, for an Order Lifting the 180 Day Prohibition (hereinafter "Reconsideration Motion"). Though not specified by Debtor, it appears that the Reconsideration Motion is brought pursuant to Federal Rules of Civil Procedure 59 and 60.

## I.

## INTRODUCTION

The Motion should be denied because there was no misleading or incorrect information

1

1 | which caused this Court to dismiss this case with a one hundred and eighty day prohibition
2 | against a subsequent filing.

## II.

## FACTS

The Debtor filed a face sheet chapter 11 case on February 23, 2010. Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs were due no later than March 09, 2010. On March 12, 2010, after the deadline for which schedules must be filed, Debtor's attorney filed an application for extension of time to file schedules. The hearing on such application was set for March 31, 2010. A review of the Court's calendar for March 31, 2010 shows that the Court tentatively granted the application to allow Debtor up to and including April 05, 2010 to file its schedules. A true and correct copy of the Court's calendar page is attached hereto as Exhibit "1." Despite the Court granting Debtor's application for extension of time, no order appears on the Court's docket with respect to adjudication of such application.[1]

Despite the Court having granted the Debtor's motion for extension for time to file schedules, no schedules were ever filed in this case. A true and correct copy of the Court's docket is attached hereto as Exhibit "2." No first day motions were filed despite the Debtor operating a 6000 square foot commercial building located at 2650 W. Temple Street, Los Angeles, CA 90026 which building apparently is fully rented. See, Debtor's Emergency Motion, page 2, lines 5 - 13.

On or about February 26, 2010, the United States Trustee sent both Debtor and its attorney a letter scheduling an Initial Debtor Interview which meeting was scheduled for March 16, 2010. A true and correct copy of the letter is attached as Exhibit "3." It appears that the letters were properly delivered by the United States Postal Service as neither letters were returned to the United States Trustee as undeliverable. As stated at the United States Trustee's Motion to Dismiss or Convert, neither Debtor nor its attorney appeared at this meeting. Moreover, neither Debtor nor its attorney contacted the United States Trustee that Debtor was unable to

---

[1] The Court's tentative also denied any extensions of time for the filing of first day motions.

1  attend.

2  The first meeting of creditors held in accordance with 11 U.S.C. §341(a) of the
3  Bankruptcy Code was scheduled for April 05, 2010. Both Debtor and its attorney were noticed
4  for this meeting. Once again, neither Debtor's representative nor its attorney appeared at the
5  341(a) meeting nor did anyone contact the United States Trustee that Debtor was unable to attend
6  this duly noticed and scheduled meeting.

7  The United States Trustee filed and served his Motion to Dismiss or Convert under 11
8  U.S.C. §1112(b) of the Bankruptcy Code on March 16, 2010. Both Debtor and its attorney were
9  served with this motion. At no time did Debtor or its attorney contact the United States Trustee
10 regarding this motion.

11 On May 18, 2010, after the dismissal of this case, Debtor submitted documents to the
12 United States Trustee, which cover sheet is attached as an exhibit to the Debtor's Emergency
13 Motion. The 7 day package cover sheet states that Fire and Theft Insurance, Worker's
14 compensation insurance, vehicle insurance, product liability insurance and other customary
15 insurance is "N/A" without providing an explanation as to why these insurances are not
16 applicable to Debtor.

### III.

### DISCUSSION

**The Emergency Motion Should Be Denied Because the Debtor failed to Fulfill Its Fiduciary Duty as A Debtor in Possession Which Facts Were Known to Debtor At the Time of the Motion to Dismiss.**

22 Motions under FRCP 59/FRBP 9023 are granted if (1) the movant presents newly
23 discovered evidence, (2) the court committed clear error or the initial decision was manifestly
24 unjust, or (3) an intervening change in controlling law has occurred. School Dist. No. 1J
25 Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Bankruptcy
26 Appellate Panel of the Ninth Circuit stated that "Federal Rule of Civil Procedure 59(e) governs
27 motions for reconsideration. Reconsideration is appropriate if one of the following three
28 grounds is present: (1) manifest error of fact, (2) manifest error of law, or (3) newly discovered

1  evidence." Byrne v. United States Trustee (In re Basham), 208 B.R. 926, 934-35 (9th Cir. BAP 1997).

None of these conditions exist in Debtor's Motion for Reconsideration. First, the United States believes that the Court relied on correct information supplied by the United States Trustee in reaching the conclusion that the order for dismissal should be entered for failure to comply with United States Trustee's requirements for debtors in possession.

At the hearing on the United States Trustee's motion to dismiss or convert, Debtor did not appear to oppose the relief requested in the United States Trustee's motion to dismiss or convert. It clear at the time of the United States Trustee's motion that Debtor has failed to properly prosecute this chapter 11 case and had failed to fulfill its fiduciary as a debtor in possession. This fact was known to the Debtor at the time of the hearing because both Debtor and its attorney were properly served with the motion. In fact, Debtor had at least two other opportunities to rectify and satisfy its obligations as a debtor in possession, both at the Initial Debtor Interview and at the 341(a) meeting, but Debtor and its attorney failed to respond to notice of these meetings and failed to appear at either meeting.

Moreover, Debtor does not allege that it signed its schedules which were to be filed with the Court. The declaration in support of the Emergency Motion merely states that Debtor "promptly provided [all] these documents to [my] previous counsel, the failure to file and or submit the required documents to the court or trustee is as a result of the dilatory conduct of [my] previous counsel." Declaration of Jung Hee Kim, para. 9, lines 1 - 4. Nowhere in the declaration of Ms. Kim does she mention the Schedules of Assets or Liabilities.

Debtor admits in its Motion for Reconsideration that it was not in full compliance with United States Trustee requirements for debtors in possession, as seen by the date stamp on the cover page of the submission to the United States Trustee, attached to the Emergency Motion as Exhibit "A.". Debtor attempts to lay the blame on its former attorney. However, Debtor does not explain why it failed to follow up with its attorney regarding the required meetings at the Initial Debtor Interview or at the 341(a) meeting.

Lastly, Debtor's new counsel alleges that Ms. Jung Hee Kim will be substantially

4

prejudiced in commencing her personal chapter 11 bankruptcy if the Court does not vacate the one hundred and eighty day prohibition against refiling by this Debtor. The order dismissing this case does not bar any principals or shareholders from filing their own bankruptcy proceeding. The order merely prohibits this Debtor from filing another bankruptcy proceeding for a period of one hundred and eighty days.

The Court has the power to modify or rescind an order if the interests of justice so require. In the case at bar, the Court relied on complete facts and representations of the United States Trustee which facts were known to the Debtor. Based upon the lack of new evidence or surprise, the lack of clear error and the lack of change of law, the United States Trustee requests this Court deny the Debtor's motion.

Dated: May 21, 2010

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: ___/s/ Dare Law___
Dare Law
Attorney for the United States Trustee

# Exhibit "1"

Exhibit "1"

# United States Bankruptcy Court
## Central District of California

Los Angeles

Judge Ernest Robles, Presiding

Courtroom 1568 Calendar

**Wednesday, March 31, 2010**    Hearing Room    1568

10:00 am

2:10-16562    **K G Development LLC**    Chapter 11

#30.00    MOVANT: KG DEVELOPMENT LLC

Hearing: [7] Debtor's emergency motion for an order extending time for debtor to (1) file schedules of assets and liabilities and statement of financial affairs; (2) submit creditor matrix; and (3) file all necessary first day motions

Docket #:    7

**Tentative Ruling:**

3/30/2010

This motion is granted in part. The Court grants the motion to extend the time for the Debtor to file its statement and schedules to and including April 5, 2010. It is unclear whether cause has been shown (the principal reason for the delay is because of the purported efforts to file "first day" motions - but none have been filed to date). However, on balance it is better to have these filed than not.

As to the extension to file the first day motions themselves, the Court finds that this part of the motion should be denied. The Court will not sanction use of cash collateral absent an order, for example.

No appearance is required if submitting on the court's tentative ruling. If submitting on the tentative, please contact the judge's law clerks, Brittany Salter or Helene Kaya at 213-894-1522. Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required and Applicant will be so notified.

Party Information

Debtor(s):

K G Development LLC    Represented By
    Eric Bensamochan

Movant(s):

6

# Exhibit "2"

Exhibit "2"

PlnDue, DsclsDue, Incomplete, **DISMISSED**

# U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
### Bankruptcy Petition #: 2:10-bk-16562-ER

*Assigned to:* Ernest M. Robles
Chapter 11
Voluntary
Asset

*Date filed:* 02/23/2010
*Debtor dismissed:* 05/13/2010

*Debtor disposition:* Dismissed for Other Reason

*Debtor*
**K G Development LLC**
2650 W Temple St
Los Angeles, CA 90026
Tax ID / EIN: 38-3681274

represented by **Anthony Egbase**
Law Offices of Aanthony O
Egbase & Assoc
350 S Figueroa St Ste 189
Los Angeles, CA 90071
213-620-7070
Email: info@anthonyegbaselaw.com

**Eric Bensamochan**
16861 Ventura Bl Ste 300
Encino, CA 91436
818-574-5740
Fax : 818-961-0138
Email: eric@easy-law.net

*U.S. Trustee*
**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

represented by **Dare Law**
725 S Figueroa St 26th Fl
Los Angeles, CA 90017
213-894-4925
Fax : 213-894-2603
Email: dare.law@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 05/19/2010 | 19 | Application shortening time *on Emergency Motion to Reconsider Order Imposing 180-day Bar against Re-filing Chapter 11* Filed by Debtor K G Development LLC (Egbase, Anthony) (Entered: 05/19/2010) |
|  |  | Emergency motion *to Reconsider Order Imposing 180-day bar against debtor's Refilling of Chapter 11* Filed by Debtor K G |

7

| | | |
|---|---|---|
| 05/19/2010 | 18 | Development LLC (Attachments: # 1 Exhibit A-B) (Egbase, Anthony) (Entered: 05/19/2010) |
| 05/19/2010 | 17 | Substitution of attorney Filed by Debtor K G Development LLC. (Egbase, Anthony) (Entered: 05/19/2010) |
| 05/15/2010 | 16 | BNC Certificate of Notice (RE: related document(s) 15 Notice of dismissal with restriction for against debtor's refiling (BNC)) No. of Notices: 15. Service Date 05/15/2010. (Admin.) (Entered: 05/15/2010) |
| 05/13/2010 | 15 | Notice of dismissal with restriction for against debtor's refiling (BNC) (Lomeli, Lydia R.) (Entered: 05/13/2010) |
| 05/13/2010 | 14 | ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case - **Debtor** Dismissed. Signed on 5/13/2010. (Lomeli, Lydia R.) (Entered: 05/13/2010) |
| 04/19/2010 | 13 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Donna T Parkinson on behalf of Courtesy NEF. (Parkinson, Donna) (Entered: 04/19/2010) |
| 04/14/2010 | 12 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 11 Order (Generic)) No. of Notices: 4. Service Date 04/14/2010. (Admin.) (Entered: 04/14/2010) |
| 04/11/2010 | 11 | U.S. TRUSTEE MOTION TO DISMISS OR CONVERT UNDER 11 U.S.C. SECTION 1112(B) OF THE BANKRUPTCY CODE; 4-29-10 at 11:00 a,m.; Signed on 4/11/2010 (Lomeli, Lydia R.) (Entered: 04/11/2010) |
| 03/22/2010 | 10 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Donna T Parkinson on behalf of Courtesy NEF. (Parkinson, Donna) (Entered: 03/22/2010) |
| 03/16/2010 | | Hearing Set (RE: related document(s) 9 U.S. Trustee Motion to dismiss or convert filed by U.S. Trustee United States Trustee (LA)) The Hearing date is set for 4/15/2010 at 11:00 AM at Crtrm 1568, 255 E Temple St., Los Angeles, CA 90012. The case judge is Ernest M. Robles (Lewis, Litaun) (Entered: 03/17/2010) |
| 03/16/2010 | 9 | U.S. Trustee Motion to dismiss or convert *under 11 U.S.C. Section 1112(b) of the Bankruptcy Code; Declaration of Paralegal Specialist; Proof of Service* Filed by U.S. Trustee United States Trustee (LA). (Law, Dare) (Entered: 03/16/2010) |
| | | Hearing Set (RE: related document(s) 7 Application for extension |

8

| | | |
|---|---|---|
| 03/12/2010 | | of time to file schedules and/or plan filed by Debtor K G Development LLC) The Hearing date is set for 3/31/2010 at 10:00 AM at Crtrm 1568, 255 E Temple St., Los Angeles, CA 90012. The case judge is Ernest M. Robles (Lomeli, Lydia R.) (Entered: 03/22/2010) |
| 03/12/2010 | 8 | Declaration Re: Electronic Filing *of Emergency Motion For An Order Extending Time* Filed by Debtor K G Development LLC. (Bensamochan, Eric) (Entered: 03/12/2010) |
| 03/12/2010 | 7 | Application for extension of time to file schedules and/or plan *with Proof of Service* Filed by Debtor K G Development LLC (Bensamochan, Eric) (Entered: 03/12/2010) |
| 03/05/2010 | 6 | BNC Certificate of Notice (RE: related document(s) 3 Meeting of Creditors Chapter 11 & 12) No. of Notices: 12. Service Date 03/05/2010. (Admin.) (Entered: 03/05/2010) |
| 03/03/2010 | 5 | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor K G Development LLC) No. of Notices: 4. Service Date 03/03/2010. (Admin.) (Entered: 03/03/2010) |
| 03/03/2010 | 4 | BNC Certificate of Notice (RE: related document(s) 1 Voluntary Petition (Chapter 11) filed by Debtor K G Development LLC) No. of Notices: 4. Service Date 03/03/2010. (Admin.) (Entered: 03/03/2010) |
| 03/03/2010 | 3 | Meeting of Creditors 341(a) meeting to be held on 4/5/2010 at 01:15 PM at RM 2610, 725 S Figueroa St., Los Angeles, CA 90017. (Ly, Lynn) (Entered: 03/03/2010) |
| 02/23/2010 | 2 | Declaration Re: Electronic Filing Filed by Debtor K G Development, LLC. (Bensamochan, Eric) (Entered: 02/23/2010) |
| 02/23/2010 | | Receipt of Voluntary Petition (Chapter 11)(2:10-bk-16562) [misc,volp11] (1039.00) Filing Fee. Receipt number 12949845. Fee amount 1039.00. (U.S. Treasury) (Entered: 02/23/2010) |
| | | Chapter 11 Voluntary Petition. Fee Amount $1039 Filed by K G Development, LLC Schedule A due 03/9/2010. Schedule B due 03/9/2010. Schedule C due 03/9/2010. Schedule D due 03/9/2010. Schedule E due 03/9/2010. Schedule F due 03/9/2010. Schedule G due 03/9/2010. Schedule H due 03/9/2010. Schedule I due 03/9/2010. Schedule J due 03/9/2010. Statement of Financial Affairs due 03/9/2010. List of Equity Security Holders due 03/9/2010. Statement - Form 22B Due: 03/9/2010. Notice of |

9

| | | |
|---|---|---|
| 02/23/2010 | 1 | available chapters due 03/9/2010. Summary of schedules due 03/9/2010. Declaration concerning debtors schedules due 03/9/2010. Disclosure of Compensation of Attorney for Debtor due 03/9/2010. Statistical Summary due 03/9/2010. Debtor Certification of Employment Income due by 03/9/2010. Incomplete Filings due by 03/9/2010. (Bensamochan, Eric) CORRECTION: Not deficient for: Schedule C, Schedule I, Schedule J, Notice of Available Chapters, Statistical Summary, Statement - Form 22B and Debtor's Certification of Employment Income. Debtor's attorney needs to upload creditors. Modified on 3/1/2010 (Isaac, Katherine). NOTE: eMailed attorney to upload creditors. Modified on 3/2/2010 (Lazo, Achilles). (Entered: 02/23/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/21/2010 10:06:18 | | | |
| **PACER Login:** | us7743 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-bk-16562-ER Fil or Ent: filed From: 2/19/2010 To: 5/21/2010 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

10

# Exhibit "3"

Exhibit "3"



**U.S. Department of Justice**

FILE COPY

**United States Trustee**
**Central District of California**

---

*725 S. Figueroa Street*     *Phone 213/894-6811*
*Suite 2600*                  *FAX   213/894-2603*
*Los Angeles, California 90017*

February 26, 2010

K G DEVELOPMENT, LLC
2650 W TEMPLE ST.
LOS ANGELES, CA 90026

Re:  K G DEVELOPMENT, LLC, 10-16562-ER

Debtor/Debtor's Counsel:

As required by the United States Trustee's Manual (October 1996) for cases filed under Chapter 11, Section 3-3.1, the United States Trustee is requiring the debtor and debtor's counsel to meet with the Bankruptcy Analyst listed below for an initial debtor interview. The debtor's bookkeeper and/or accountant should also attend. The interview will be held at the Office of the United States Trustee, **725 South Figueroa Street, Suite 2612, Los Angeles on March 16, 2010 at 1:30 PM**. The debtor must attend this interview.

Please be prepared to discuss the debtor's financial condition and prospects for reorganization with the analyst. The analyst will also discuss the status of compliance with the United States Trustee Chapter 11 Notices and Guides. Copies of the Notices and Guides may be retrieved from the United States Trustee's Office or by visiting our website at www.usdoj.gov/ust/r16.

Local Bankruptcy Rule 2015-2(2) mandates timely compliance with the reasonable requirements of the United States Trustee. Certain requirements are due within seven days of the filing of the petition. If the debtor fails to attend the interview and/or has not fully complied with UST requirements, a Notice of Debtor's Delinquency or Motion to Dismiss or Convert will be filed.

   If you have any questions, please contact one of the following:

   Initial interview - Gary Baddin, Bankruptcy Analyst (213) 894-1450
   UST compliance - Susan Trevino, Paralegal Specialist (213) 894-7243
   341(a) meeting - Dare Law, Staff Attorney (213) 894-4925



U.S. Department of Justice  FILE COPY

# United States Trustee
## Central District of California

*725 S. Figueroa Street*     *Phone 213/894-6811*
*Suite 2600*                 *FAX   213/894-2603*
*Los Angeles, California 90017*

February 26, 2010

ERIC BENSAMOCHAN
16861 VENTURA BLVD SUITE 300
ENCINO, CA 91436

Re:  K G DEVELOPMENT, LLC, 10-16562-ER

Debtor/Debtor's Counsel:

As required by the United States Trustee's Manual (October 1996) for cases filed under Chapter 11, Section 3-3.1, the United States Trustee is requiring the debtor and debtor's counsel to meet with the Bankruptcy Analyst listed below for an initial debtor interview. The debtor's bookkeeper and/or accountant should also attend. The interview will be held at the Office of the United States Trustee, **725 South Figueroa Street, Suite 2612, Los Angeles on March 16, 2010 at 1:30 PM**. The debtor must attend this interview.

Please be prepared to discuss the debtor's financial condition and prospects for reorganization with the analyst. The analyst will also discuss the status of compliance with the United States Trustee Chapter 11 Notices and Guides. Copies of the Notices and Guides may be picked up from the Bankruptcy Court Clerk's office or at the front counter at the United States Trustee's office.

Local Bankruptcy Rule 2015-2(2) mandates timely compliance with the reasonable requirements of the United States Trustee. Certain requirements are due within seven days of the filing of the petition. If the debtor fails to attend the interview and/or has not fully complied with UST requirements, a Notice of Debtor's Delinquency or Motion to Dismiss or Convert will be filed.

    If you have any questions, please contact one of the following:

    Initial interview - Gary Baddin, Bankruptcy Analyst (213) 894-1450
    UST compliance - Susan Trevino, Paralegal Specialist (213) 894-7243
    341(a) meeting - Dare Law, Staff Attorney (213) 894-4925



**U.S. Department of Justice**
United States Trustee
Central District of California

| 725 So. Figueroa Street | Phone | 213-894-6811 |
| Suite 2600 | FAX | 213-894-2603 |
| Los Angeles, California 90017 | | |

## AUTHORIZATION FOR DIRECT CONTACT

**Re: K G DEVELOPMENT, LLC   , 10-16562-ER**

Debtor's Counsel:

Regulations promulgated by the Attorney General restrict direct communication between employees of the Office of the United States Trustee and the debtor without the permission of debtor's counsel.

Most communication occurring between staff employees and debtors is administrative in nature relating to the United States Trustee's statutory duty to supervise the administration of bankruptcy cases.

In order to comply with these regulations, we request that you sign an authorization which will allow us to communicate directly with the debtor regarding administrative and financial matters such as insurance coverage, bank account information, monthly operating reports, quarterly fees and post-confirmation reports.

If you agree to the provisions stated above, please sign a copy of this letter where indicated and return it to us.  The authorization may be rescinded at anytime by giving us written notice of recission.

**If you do not agree,** all communication with the debtor will be directed to you.  If the debtor initiates any contact with us, we will advise him or her that we may communicate only with you.

If the United States Trustee files or has a contested motion or an adversary proceeding against the debtor, all contact regarding that matter will be with counsel.

**Please return the original of this document to the Office of the United States Trustee prior to or at the Initial Debtor Interview.**

## AUTHORIZATION

I authorize direct contact with the above debtor in accordance with the terms contained herein.

_____        _____
Counsel for Debtor                                              Date

13

| In re: K G Developments, LLC. | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 2:10-bk-16562 ER |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
725 South Figueroa Street, Suite 2600
Los Angeles, California 90017

A true and correct copy of the foregoing document described  NOTICE OF MOTION AND MOTION TO CONVERT OR DISMISS CASE WITH AN ORDER DIRECTING PAYMENT OF QUARTERLY FEES AND JUDGMENT THEREON    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 21, 2010            I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On   May 21, 2010                  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on    May 21, 2010              I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.  **Upon filing I will be giving a filed document to a Court delivery service consistent with our normal business practice, with instruction to deliver the copy to the chamber bin outside Suite 1560 for the Honorable Ernest M. Robles.**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 21, 2010 | Stephanie Hill | *Stephanie Hill* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                               F 9013-3.1

14

| In re: K G Developments, LLC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-16562 ER |

## ADDITIONAL SERVICE INFORMATION

### TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Eric Bensamochan    eric@easy-law.net
- Anthony Egbase    info@anthonyegbaselaw.com
- Dare Law    dare.law@usdoj.gov
- Donna T Parkinson    donna@parkinsonphinney.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

### SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**DEBTOR**
**K G Development LLC**
2650 W Temple St
Los Angeles, CA 90026

**DEBTOR'S COUNSEL**
**Eric Bensamochan**
16861 Ventura Bl Ste 300
Encino, CA 91436

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    15    F 9013-3.1